IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BILLIE DAVIS,** | ) | **CASE NO.  1:11 CV 326** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **OHIO DEPARTMENT OF** | ) | |
| **REHABILITATION AND** | ) | |
| **CORRECTIONS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion for Summary Judgment filed by Defendants, Ohio Department of Rehabilitation and Corrections ("ODRC"); Ohio Reformatory for Women ("ORW"); Gary C. Mohr and Ginine Trim (Docket #8).   Pursuant to Fed. R. Civ. P. 56, Defendants seek summary judgment as to all of the claims asserted by Plaintiff, Billie Davis.

**Factual and Procedural Background**

This case stems from Plaintiff's prior incarceration.  As set forth in Plaintiff's Complaint, on or about October 16, 2008, Plaintiff pled guilty to various felonies in Cuyahoga County Court of Common Pleas Case. No. CR-08-509475-A.  Complaint at ¶ 7.  Plaintiff was sentenced and, on April 24, 2009, entered the Ohio Reformatory for Women in Marysville, Ohio to serve her sentence.  Id. at ¶ 8.  Thereafter, Plaintiff was screened and selected for placement in the Intensive Program Prison ("IPP"), a program run by the Ohio Department of Rehabilitation and

Correction.  Id. at ¶ 9.  The Department of Rehabilitation and Correction and/or the Ohio Reformatory for Women in Marysville informed the sentencing Judge, by certified mail, that Plaintiff would be placed in the IPP, subject to the sentencing Judge's objection. Id. at ¶ 10.  The sentencing court took no action at that time.  Id. at ¶ 11.  Plaintiff began participation in the IPP, which was to last for a period of 90 days, or until October 6, 2009. Id. at ¶ 11.  Plaintiff alleges that she successfully completed the IPP program and received a certificate of completion on October 9, 2009.  Id. at ¶ 13.

Plaintiff asserts that she should have been released and expected to be released upon her completion of the IPP Program, but was told that the sentencing Judge objected to her participation in the program, without Plaintiff's knowledge, shortly before Plaintiff completed the IPP Program.  Id. at ¶¶ 14-15.  Plaintiff claims the sentencing Judge had no authority to object when she did and asserts that she should have been released.  Id. at ¶ 16.  After she was denied release, Plaintiff alleges she sent numerous messages to prison authorities, requesting she be promptly released.  Id. at ¶ 17.  Plaintiff was released on December 31, 2009.  Id.

Plaintiff filed her Complaint in this Court on February 15, 2011.  Plaintiff names the Ohio Department of Rehabilitation and Correction; the Ohio Reformatory for Women; Gary C. Mohr, in his official capacity as the Director of the Ohio Department of Rehabilitation and Correction; Ginine Trim, in her official capacity as Warden of the Ohio Reformatory for Women; and, John Doe, in his official capacity, as Defendants in this case.  Plaintiff alleges that Defendants violated her civil rights, asserting that her confinement between October 6, 2009 and December 31, 2009 was unlawful.  Plaintiff asserts that "Defendants, acting under the authority granted to them by Ohio law, deliberately and/or recklessly and/or with deliberate indifference ignored her pleas and confined her without a valid commitment order between October 6, 2009

and December 31, 2009, against her will and in violation of her state and federal constitutional rights to liberty and due process."

### Plaintiff's Prior Ohio Court of Claims Complaint.

On September 13, 2010, prior to filing her Complaint in this Court, Plaintiff filed a nearly identical Complaint in the Ohio Court of Claims, Case No. 2010-10475, against the Ohio Department of Rehabilitation and Correction. In her Court of Claims Complaint, Plaintiff alleged as follows:

- On or about October 16, 2008, Plaintiff pleaded guilty to four counts of theft; 12 counts of forgery; and, one count of misuse of credit cards in Cuyahoga County Court of Common Pleas Case No. CR-08-509475-A.

- On or about April 24, 2009, Plaintiff entered the Ohio Reformatory for Women.

- Following a screening process, Plaintiff was placed in the Intensive Prison Program.

- The Department of Rehabilitation and Corrections sent notice to the Cuyahoga County Clerk of Courts, by certified mail, that Plaintiff would be placed in the IPP. The sentencing court took no action.

- On July 8, 2009, Plaintiff was admitted to the IPP, a 90-day program, and received her certificate of completion on October 6, 2009.

- Despite completing the program on October 6, 2009, Plaintiff was not released until December 31, 2009.

### Defendants' Motion to Dismiss.

On August 12, 2011, Defendants filed their Motion for Summary Judgment (Docket #8). First, Defendants argue that Plaintiff waived this Court's jurisdiction by filing a nearly identical Complaint in the Ohio Court of Claims on September 13, 2010. *See* R.C. 2743.02(A)(1)*; Leaman v. Ohio Dept. of Mental Retardation*, 825 F.2d 946 (6th Cir. 1987). Second, Defendants

argue they are entitled to Eleventh Amendment Immunity which prohibits Plaintiff from suing the State Defendants in their official capacities in Federal court.

On September 1, 2011, Plaintiff filed her Response to Defendants' Motion for Summary Judgment. (Docket #13.) Plaintiff argues that the Complaint filed in this Court is "far more expansive" than that filed in the Court of claims and "sets out her efforts to secure her release and the deliberate, reckless and/or indifference of the named state officials to listen to her pleas." Response at p. 2. Plaintiff's asserts that her claims against the State employee Defendants in Federal Court are not based upon the same facts as her claims against the State in the Court of Claims. Further, although she concedes that she cannot sue the State for damages under Section 1983, Plaintiff argues that she may be able to proceed under Section 1983 in this Court against the individually named Defendants, arguing that they acted with deliberate indifference to her rights.

On September 1, 2011, Defendants filed their Reply in Support of Motion for Summary Judgment. (Docket #14.)

## Summary Judgment Standard

Summary judgment is appropriate when the court is satisfied "that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine dispute" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine [dispute] of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a dispute is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual [disputes] that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477 U.S. at 250.

## Discussion

**I.    The *Leaman* Doctrine.**

Ohio Revised Code § 2743.02(A)(1) reads as follows:

Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee.  The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Plaintiff filed a nearly identical lawsuit against the Ohio Department of Rehabilitation and Correction in the Ohio Court of Claims on September 13, 2010.  Both lawsuits seek to hold Defendants liable for her alleged unlawful incarceration.  While the Court of Claims Complaint appears to be less detailed on its face than the Complaint filed in this Court, and only names the Ohio Department of Rehabilitation and Correction, the lack of detail does nothing to change the fact that both lawsuits are based upon the acts and/or omissions that resulted in her alleged

-5-

unlawful incarceration. "The scope of the statute is not restricted based on the identity of the named defendants, 'but instead is directed toward "causes of action based on the same act or omission."'" *Wee Care Child Center, Inc. v. Lumpkin*, Case No. 2:09 CV 1059, 2010 U.S. Dist. LEXIS 89259 (S.D. Ohio Aug. 20, 2010) (citing *Thomson v. Harmony,* 65 F. 3d 1314, 1319 (6th Cir. 1995). By filing her action in the Ohio Court of Claims against the Ohio Department of Rehabilitation and Correction, Plaintiff waived her cause of action against the individually named Defendants in this Court. *Leaman v. Ohio Department of Mental Retardation & Development Disabilities*, 827 F.2d 769 (6th Cir. Ohio 1987).

Plaintiff argues that the waiver may be void if she can prove that the State employees' actions were manifestly outside the scope of their employment. However, the determination of whether a State employee's actions were *ultra vires* or malicious is to be made exclusively by the Ohio Court of Claims. See *Thomson v. Harmony,* 65 F.3d 1314, 1318 n.3 (6th Cir. Ohio 1995); *Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. Ohio 1989). By filing in the Court of Claims, Plaintiff waived her claims against the employee Defendants unless and until the Court of Claims determines that the individual Defendants acted outside the scope of their employment or in bad faith. *Wee Care Child Center, Inc.,* 2010 U.S. Dist. LEXIS 89259, at *10.

**II.     Eleventh Amendment**.

Even if Plaintiff's claims were not waived by her filing in the Court of Claims, they would be barred by the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Suing an officer of a State in his official capacity for damages is equivalent to suing the State itself.  *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989).  Federal courts have no subject matter jurisdiction over causes of action that seek damages against the State or its officers and employees.  *See Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. Mich. 1989).  State agencies, as instrumentalities of the State, are protected by the Eleventh Amendment to the same extent as the State.  *Hafford v. Seider*, 183 F.3d 506, 512 (6th Cir. 1999).

Plaintiff concedes that the Eleventh Amendment prohibits suits against the State and, therefore, the State agencies named in her Complaint, but argues that she may be able to proceed in this Court against the named State employees.  The State employee Defendants are named in their "official capacities."  "A suit for damages against a State official in his or her official capacity cannot be maintained pursuant to Section 1983."  *Wolfel v. Moris*, 972 F.2d 712, 718 (6th Cir. 1992).  Therefore, to the extent Plaintiff has sued Defendants in their official capacities, her claims fail as a matter of law.

Plaintiff waived the right to file suit in this Court by filing her Court of Claims action and, therefore, any potential argument she may have that the employee Defendants acted with deliberate indifference to her rights must be reviewed by the Court of Claims.  As stated above, Plaintiff may be able to proceed with her claims against the employee Defendants if the Court of Claims determines that the actions of the employee Defendants were *ultra vires* or malicious.

**Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment (Docket #8) is hereby GRANTED.  This case is hereby TERMINATED.

IT IS SO ORDERED.

                                                         s/Donald C. Nugent  
                                                         DONALD C. NUGENT  
                                                         United States District Judge

DATED: October 4, 2011